## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

TYREA T. DANIELS,

    Plaintiff,

v.

                          Civil Action No. TDC-23-2172

WALT PESTERFIELD,
OFFICER H. SIMPSON and
OFFICER A. WALO,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Tyrea T. Daniels, an inmate confined at Eastern Correctional Institution in Westover, Maryland, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising from his conditions of confinement and purported need for medical treatment while incarcerated at the Baltimore County Detention Center ("BCDC") in Towson, Maryland. Defendants Warden Walt Pesterfield, Officer Hansel Simpson, and Officer A. Walo have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Although Daniels was informed by the Court of his right to file a memorandum in opposition to the Motion, he has not done so. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

In the Amended Complaint, Daniels alleges that on July 23, 2023 at approximately 2:50 a.m., he was "sent to lockup," and the correctional officer escorting him there turned off the

water to his cell because the toilet was broken. Immediately before that, at approximately 2:42 a.m., Daniels was escorted to the medical unit by correctional officers and was evaluated by Certified Registered Nurse Practitioner Cyriac Nchang for possible placement in restrictive housing. He was put on close watch until he was cleared by the mental health team.

Later that morning, Daniels asked a shift officer to turn on the water, but his request was denied. At approximately 6:15 p.m. that evening, Daniels informed Keila Jackson, a mental health worker, that he had no running water and that he needed to "go to medical" because his asthma was making his chest tight and he was having difficulty breathing. Am. Compl. at 3, ECF No. 6. According to Daniels, Jackson notified Officers Simpson and Walo of his need for medical treatment, including relating to his breathing issues, but they failed to contact the medical unit. Daniels alleges that instead, Officer Walo danced, taunted, and threatened him with pepper spray because he continued to request water. On July 23, 2023, Officer Simpson entered a case note in the BCDC computerized record system stating that Daniels had been "attempting to flood" his cell "by overflowing his toilet and by overflowing the sink." Case Notes at 1, Mot. Ex. A, ECF No. 25-2.

On July 24, 2023, at approximately 11:00 a.m., Dorothy Narcisse, another mental health worker, came to check on Daniels. Daniels reported that his throat was dry, he could not breathe, his chest hurt, and he believed that the correctional officers were trying to kill him. Daniels also told Narcisse that he still did not have running water and that the officers had denied him medical treatment. According to Daniels, Narcisse informed the shift officers again of Daniels's need for medical treatment, but they failed to contact the medical staff. At 3:57 p.m., Officer Rodgers turned the water back on to Daniels's toilet but not to the sink. Later that evening, Daniels was moved to another cell in which there was no working light.

2

On July 25, 2023, Officer Charles Carter entered a case note stating that Daniels reported the broken light in his cell. Officer Carter told Officer Tejani to submit a maintenance request relating to the light. In the meantime, Daniels declined to move to another cell and stated that he would rather stay in that cell. Daniels asserts that he remained in that dark cell until July 27, 2023.

Daniels alleges that Defendants' conduct violated his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. He seeks monetary damages.

## DISCUSSION

In their Motion, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or summary judgment pursuant to Rule 56. As grounds, they assert that (1) Daniels fails to allege sufficient facts to support a claim of unconstitutional conditions of confinement; (2) Daniels fails to allege sufficient facts to support a claim of deliberate indifference to a serious medical need; (3) Daniels fails to establish supervisory liability by Warden Pesterfield; and (4) Defendants are entitled to qualified immunity.

## I.    Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the

3

factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Defendants, however, have attached three exhibits to their Motion that have since been authenticated. Courts must treat a Rule 12(b)(6) motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the nonmoving party must be afforded "a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Here, the notice requirement has been satisfied by the title of Defendants' Motion. To show that a reasonable opportunity for discovery has not been provided, the nonmoving party must file an affidavit or declaration under Rule 56(d), or an equivalent filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). Although notified of his opportunity to do so, Daniels has not filed a memorandum in opposition to the Motion and has not requested discovery. The Court will therefore construe Defendants' Motion as a motion for summary judgment for purposes of the arguments requiring consideration of the submitted exhibits.

4

Under Rule 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, "with all justifiable inferences" drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party.  *Id.*

## II.   Supervisory Liability

Defendants contend that the claims against Warden Pesterfield should be dismissed because Daniels has failed to allege sufficient facts to state a claim against him.  Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation, or where the defendant otherwise condoned the violation. *Love-Lane v. Martin*, 355 F.3d 766, 782–83 (4th Cir. 2004).  Absent personal participation, a supervisory official may be held liable upon a showing that:  (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the alleged offensive practice; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

5

Here, Daniels has not alleged any facts or identified any evidence showing that Warden Pesterfield participated in or had knowledge of the alleged misconduct described in the Amended Complaint. Daniels only generally states that Warden Pesterfield is responsible for all BCDC employees. Accordingly, the claims against Warden Pesterfield are subject to dismissal.

## III.   Fourteenth Amendment

Although Daniels, who was a pretrial detainee at the time of the alleged constitutional violations, argues that his conditions of confinement and lack of medical treatment violated his Eighth Amendment rights, the Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). For conditions of confinement to violate the Fourteenth Amendment, the conditions must amount to punishment of the pretrial detainee before any adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). A particular restriction or condition of confinement amounts to unconstitutional punishment if it was imposed with an express intent to punish or if it was "not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Williamson v. Stirling*, 912 F.3d 154, 178 (4th Cir. 2018) (quoting *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 251 (4th Cir. 2005)). When the claim involves a failure to protect a pretrial detainee from harm or to address a medical need, the pretrial detainee must show that there was a condition that posed a substantial risk of serious harm, that the defendant knew or should have known of the condition, that there was an unjustifiably high risk of harm but the defendant failed to act, and that as a result, the detainee was harmed. *See Short v. Hartman*, 87 F.4th 593, 611 (4th

Cir. 2023). This standard requires "objectively unreasonable" action or inaction that is more than negligence. *Id.* at 611–12.

As to conditions of confinement, Daniels alleges that he was without water in one cell for over one and a half days, and that he was then transferred to another cell without any working lights where he remained for approximately three days. Defendants assert that Daniels cannot establish constitutional violations in either instance because he has failed to allege facts or identify evidence that would show that he was placed at serious risk of physical or emotional harm and that he was actually harmed. A review of the Amended Complaint reveals no facts demonstrating actual harm to Daniels. More importantly, Defendants have submitted undisputed records stating the water was turned off in Daniels's cell for a legitimate nonpunitive reason: Daniels had been attempting to flood his cell, and the water was turned off to prevent such a flood. As such, nothing in the record shows that there was any intent to punish Daniels by temporarily denying him access to water in his cell. Similarly, undisputed records also establish that a maintenance request was submitted in order to have the cell light repaired, and that Daniels was offered the opportunity to move to another cell but declined. Under these circumstances, the record does not support the conclusion that either the lack of water or the placement in a cell without a working light was the result of an intent to punish.

As for the claim of a failure to provide medical care, although Daniels has alleged that he had a dry throat and breathing issues while the water was turned off, neither the Amended Complaint nor the present record shows that Daniels suffered actual harm as result of the failure to send him to the medical unit. *See Short*, 87 F.4th at 611. In particular, he has neither alleged nor presented facts demonstrating that he had an objectively serious medical condition for which he did not receive adequate treatment. Because Daniels has failed to allege or establish sufficient

7

facts to support his Fourteenth Amendment claims, Defendants are entitled to summary judgment in their favor.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be granted, and judgment will be entered in favor of Defendants. A separate Order shall issue.

Date:   February 7, 2025

THEODORE D. CHUANG
United States District Judge

8